UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GARY GIESELMAN,           )
       Plaintiff,           )
vs.                       )     Cause No. 4:10-cv-1619
                          )
VALERIA WILSON JACKSON, *et al*.,   )
       Defendants.          )

### MEMORANDUM IN SUPPORT OF DEFENDANTS' RESPONSE TO THIS COURT'S SHOW CAUSE ORDER

Come now, Defendants, Valeria Wilson Jackson and Vernon Wilson, and provide the following in support of their response to this Court's Show Cause Order:

Background

On April 29, 2011, this Court issued an Order requiring defendants Wilson and Jackson to show cause within ten days why sanctions should not be imposed against them for failure to participate in the discovery process. At the time the Order was entered, Ms. Jackson had one set of requests for production unanswered and outstanding. In response to plaintiff's motion for sanctions, Ms. Jackson assured this Court she could fulfill her discovery obligations by May 2, 2011. And indeed, her written responses to Plaintiff's first set of requests for production of documents were hand-delivered to Plaintiff's counsel, Grant Doty, on May 2, 2011. Ex. 1, para. 2. At the time the Order was entered, Mr. Wilson had two sets of requests for production unanswered and outstanding. In response to plaintiff's motion for sanctions, Mr. Wilson assured this Court he could fulfill his discovery obligations by May 3, 2011. Mr. Wilson's written responses to Plaintiff's first and second sets of requests for production were emailed to Plaintiff's counsel, Grant Doty, on May 3, 2011, and counsel for Mr. Wilson offered to make all responsive

1

documents available for inspection and copying. Ex. 1, para. 3; para. 4. Mr. Doty declined to review the documents immediately and instead requested to do so at a more convenient time – counsel for both sides agreed on May 10, 2011. Ex. 1, para. 3.

<u>Written Discovery</u>

Plaintiff served one set of requests for production of documents directed to Ms. Jackson upon defendants. The requests contained six (6) questions (thirteen (13) counting discrete subparts). Ms. Jackson provided a written response to each request and, where appropriate, provided the accompanying documents. Of the six (6) requests directed to Ms. Jackson, only three (3) requested documents which were or had ever been within Ms. Jackson's possession and control. Three (3) of the requests asked for documents which had, to Ms. Jackson's knowledge, never existed. Of the three remaining requests, a substantial number of the responsive documents had already been provided by co-defendant Washington County. Those documents which had not previously been produced by co-defendant Washington County were provided to Plaintiff's counsel at the same time Ms. Jackson's written responses were hand-delivered. Ex. 1, para. 2. The only exception lies in two documents, both listed in Ms. Jackson's written responses, which are in the possession and control of Adam Fein, Ms. Jackson's criminal defense attorney. Mr. Fein indicated that while he had possession of Ms. Jackson's pre-sentence investigation report and a 5K1.1 motion, he was not able to release them, even with Ms. Jackson's approval, because had been filed under seal. Plaintiff's counsel may make a motion with the criminal court to have those documents unsealed since Ms. Jackson has identified them as *possibly* responsive to Plaintiff's broadest document request.

Plaintiff served two sets of requests for production upon defendant Vernon Wilson. The first set of requests contained six (6) questions, two of which yielded only an explanation that, as

2

far as Mr. Wilson was aware, no such documents had ever existed. None of the requests contained in the first set of requests for production asked for documents not also requested of co-defendant Washington County. In fact, Washington County had already produced to Plaintiff all documents specifically requested and many of the documents arguably requested in Plaintiff's broadest request.

Plaintiff's second set of requests for production directed to Vernon Wilson contained twenty-seven (27) specifically enumerated requests, each one described according to exhibit and Bates number. These documents were obtained on May 2, 2011, from Burt Shostack, Mr. Wilson's former criminal defense attorney. Ex. 1, para. 3. The documents provided by Mr. Shostack are contained in three "banker's boxes," and two large, accordion style folders. Ex. 1, para. 7. Obviously, more documents exist in Mr. Shostack's file than those specifically requested by Plaintiff. However, Plaintiff made a very broad request for all documents associated with the criminal case and a very broad request for all documents associated with any and all investigations that occurred in reference to beatings in the Washington County jail. Therefore, Mr. Wilson's counsel offered to make the entirety of Mr. Shostack's file (excluding attorney work product and attorney-client communications) available to Plaintiff's counsel for inspection and copying. Ex. 1, para. 3. Many of the documents requested in Plaintiff's second set of requests for production and, indeed, many of the documents contained in Mr. Shostack's file have been previously produced by co-defendant Washington County.

Argument

Both Ms. Jackson and Mr. Wilson have now fully complied with their discovery obligations. Entering sanctions against either defendant at this point would award to Plaintiff an undue substantive benefit because of a non-prejudicial delay. In response to Plaintiff's motions

3

for sanctions, both Ms. Jackson and Mr. Wilson gave this Court a date certain by which their discovery obligations would be discharged.  Both defendants delivered their written responses to Plaintiff's requests for production by those dates.  Ms. Jackson provided all available, requested documents, and Mr. Wilson offered to make responsive documents available that day or the following.  Because of Plaintiff's counsel's schedule, those documents will actually be made available on May 10, 2011, with Mr. Doty's agreement.  Ex. 1, para. 3.  There was no bad faith in either defendant's delay, and it was not intended to prejudice Plaintiff in any way.  Defense counsel has continuously assured Plaintiff's counsel they would be amenable to any schedule changes, extensions, or accommodations that might be needed as a result of the delay.

  The delay was not willful.  Both Ms. Jackson and Mr. Wilson took immediate steps to comply with their discovery obligations, as soon as they each became aware they had any.  Unfortunately, due to communication difficulties between both defendants and their counsel, Defendants were unaware of the pending requests for production until very recently.  Ms. Jackson became aware of the requests for production on April 28, 2011.  Ex. 1, para. 20.  Despite an intervening weekend, Ms. Jackson's written responses and accompanying documents were provided four (4) days later.  Mr. Wilson became aware of the requests for production on May 2, 2011.  He signed a written release for the requested documents for Burt Shostack the same day, and his written responses were provided to Plaintiff the very next day along with the opportunity for Plaintiff's counsel to immediately inspect and photocopy the requested documents.  Both individuals had previously gone to great lengths to provide depositions, in spite of Plaintiff's counsel's determination that Plaintiff himself would not give a deposition until after the conclusion of Vernon Wilson's criminal trial.  Ex. 1, para. 9.

The delay has not prejudiced the Plaintiff in any way. It is, after all, Defendants' summary judgment motion that is pending. If the delay harms any party, it harms the Defendants themselves. Defendants have not opposed any motion by the Plaintiff to extend any date or deadline with respect to discovery or Plaintiff's response to the pending summary judgment motion. Plaintiff has had and will continue to have the benefit of as much time as necessary to file a response. Further, because Plaintiff was able to depose both Mr. Wilson and Ms. Jackson, Plaintiff should have had a reasonably good idea of what to expect in terms of discovery from each defendant.[1] For instance, on the issue that provides the basis for the pending summary judgment motion – the release Plaintiff signed in exchange for settlement money – neither Mr. Wilson nor Ms. Jackson were able to provide any relevant information at their deposition or in their responses to Plaintiff's requests for production.

The sanctions requested by Plaintiff might have been appropriate had Ms. Jackson and/or Mr. Wilson failed to comply with discovery requests. But now that both have fully discharged their discovery obligations (notwithstanding an ongoing duty to supplement, of course), an imposition of the sanctions requested by Plaintiff would be a harsh response to a problem already remedied. This Court gave Plaintiff substantial leeway in conducting his discovery, allowing him to seek documents and information related not only to the settlement itself but also into the underlying issues. Plaintiff has taken full advantage of that opportunity and requested every document ever produced in conjunction with or in response to the event(s) underlying the settlement. Defendants have made every attempt to accommodate Plaintiff's requests, be they of

---

[1] It is noteworthy, too, that both Mr. Wilson and Ms. Jackson invoked the Fifth Amendment in response to a number of questions related to the substantive issues. To the extent that substance is relevant to responding to the summary judgment motion, Plaintiff can utilize the adverse inference from said invocations.

the official discovery kind or of the professional courtesy variety. Any attempt by Plaintiff now to lean on the discovery delay to gain a substantive advantage should be denied.[2]

## Conclusion

For these reasons, Defendants respectfully request that this Court find each has fulfilled his/her discovery obligations, that cause has been shown why sanctions should not be imposed, and that said sanctions not be imposed.

Submitted this 5th day of May, 2011.

MARK ZOOLE & ASSOCIATES

/s/ Renee J. Waters
Renee J. Waters #5282959
1200 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 647-1200
fax (314) 647-8816
renee_waters@sbcglobal.net

## CERTIFICATE OF SERVICE

A copy of the foregoing has been sent via the Court's electronic filing system to all counsel of record on this 5th day of May, 2011.

/s/ Renee J. Waters

---

[2] Defendants would not object to any reasonable extensions of time that Plaintiff may deem necessary as a result of the delay. Defendants never intended for Plaintiff to be prejudiced in any way and remain amenable to ensuring that no unintended prejudice occur.

6