Declaration of Renee J. Waters

1. My name is Renee J. Waters. I am an attorney licensed in the State of Missouri and admitted to practice in the United States District Court for the Eastern District of Missouri. I am counsel of record in this matter.

2. On Monday, May 2, 2011, I hand-delivered Valeria Wilson Jackson's written responses to Grant Doty, counsel for the plaintiff, along with any documents responsive to Plaintiff's request, but not including, of course, those that had been previously produced by co-defendant Washington County.

3. On the same day, Grant Doty, counsel for the Plaintiff, and I agreed that I would bring all documents (excluding attorney work product and any privileged attorney-client communications) associated with Vernon Wilson's criminal case and previously kept by Burt Shostack to Mr. Doty's offices on Tuesday, May 10, 2011, for perusal and copying by plaintiff's counsel. I offered to make myself and the documents available on May 4, 2011, or May 5, 2011, but Mr. Doty was to be unavailable those days, so we agreed to the May 10, 2011, date.

4. On Tuesday, May 3, 2011, I sent, via email, Vernon Wilson's written responses to Grant Doty, counsel for the plaintiff.

5. Since sending Vernon Wilson's and Valeria Wilson Jackson's written responses to plaintiff's counsel, I have received no indication that counsel finds the responses in any way insufficient. And while I do not expect that plaintiff's counsel will find any actual deficiencies, I have offered to take any steps necessary to correct or supplement any *perceived* deficiencies, to the extent possible.

6. At this time, both Valeria Wilson Jackson and Vernon Wilson have fully complied with all discovery requests.

7. The documents provided by Mr. Shostack comprise approximately three (3) "banker's boxes" and two large, accordion-style folders. Many of these documents have already

been produced by co-defendant Washington County, and the majority of all documents in the Shostack files are responsive only, if at all, to Plaintiff's broadest request for production.

8. Discovery in this matter was initially handled by another attorney from our office, Jeremy Bayless. Mr. Bayless left the office in March, and I began handling this case.

9. Mr. Bayless sought dates for Plaintiff's deposition from Mr. Grant Doty, also counsel of record in this case, and was informed Plaintiff would not give a deposition until after Vernon Wilson's criminal trial because Plaintiff was on the witness list for the trial. As Vernon Wilson was on trial and Valeria Wilson Jackson was also on the witness list, Mr. Bayless decided similarly to wait with respect to Plaintiff's discovery requests.

10. When I took over the case, I began immediately trying to contact Mr. Wilson to complete his discovery obligations. I left numerous voice messages on Mr. Wilson's cell phone.

11. Mr. Bayless was under the impression that Mr. Wilson had been convicted in his criminal case but that he had been released until his sentencing date.

12. Mr. Wilson had apparently been working as a trucker and was frequently out of town, so I continued to call and leave voice mails.

13. Finally, I attempted to contact Burt Shostack, Mr. Wilson's criminal defense attorney, to request new or additional contact information for Mr. Wilson. On April 27, 2011, Mr. Shostack returned my phone call and informed me Mr. Wilson was being held at the Warren County Jail.

14. On April 28, 2011, Grant Doty, Plaintiff's counsel, and I exchanged a series of letters discussing perceived deficiencies in Washington County's discovery responses. In an ongoing effort to be cooperative, I offered to correct even those perceived deficiencies

with which I disagreed.  Part of that offer requires that I go to Plaintiff's counsel's office today and attach sticky notes to the documents produced by Washington County.

15. Because of the "sticky note" obligation, the first date I was able to travel to Warren County was May 2, 2011.  I did so and supplied Mr. Wilson's written responses to Plaintiff's counsel the following day.

16. By early April of 2011, our office no longer had accurate contact information for Ms. Jackson.  I began trying to locate her to complete discovery.

17. During the week of April 4, 2011, and the week of April 11, 2011, I attempted to contact Valeria Wilson Jackson's criminal defense attorney, but was unable to speak with him.  I left voice messages.

18. I attempted to locate Ms. Jackson through traditional methods – calling information and requesting her phone number – as well as through internet people searches.  I was unable to obtain contact information for Ms. Jackson through those efforts.

19. Mr. Mark Zoole sent an email to Adam Fein, Ms. Jackson's criminal defense attorney, and received a response with Ms. Jackson's contact information on April 28, 2011.

20. I called Ms. Jackson immediately upon receiving her contact information, and I sent Plaintiff's Requests for Production to Ms. Jackson via email on April 28, 2011, at approximately 7:00 p.m.

21. Ms. Jackson attended immediately to the discovery requests by providing the necessary information and granting Mr. Fein her permission to release documents responsive to Plaintiff's requests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

May 5, 2011                              /s/ Renee J. Waters

                                                             Renee J. Waters