UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY GIESELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1619 JAR |
| ) | |
| VALERIA WILSON JACKSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Lift Seal on ECF No. 108 and ECF No. 140. (ECF No. 170). Therein, Plaintiff asks the Court to lift the seal on Plaintiff's Memorandum in Opposition to the First Motion for Summary Judgment of Certain Defendants (ECF No. 108) and Plaintiff's Memorandum in Opposition to those Defendants' Fifth Motion for Summary Judgment (ECF No. 140). Plaintiff notes that he originally asked the Court to seal these memoranda and their exhibits "out of an abundance of caution" because the exhibits included transcripts before a grand jury. (ECF No. 170, ¶4). Plaintiff now claims that the common law and the First Amendment provide the public and the press with a qualified right of access to judicial records and proceedings that is not overcome by any exception that justifies maintaining the seal in this case. (Id., ¶5). Specifically, Plaintiff asserts that he is not a person covered by Fed.R.Crim.P. 6 and, therefore, there are no restrictions on what he can do with the grand jury transcripts that he acquired during discovery. (ECF No. 171, p. 3). Plaintiff claims that he wants the Court to unseal ECF No. 108 and ECF No. 140 so that discuss his assault in the Washington County Jail. (Id., p. 4).

"A district court called upon to decide whether grand jury transcripts should be released is 'infused with substantial discretion.'" McAninch v. Wintermute, 491 F.3d 759, 767 (8th Cir.

2007)(citing Douglas Oil Co. of Cal. v. Petrol Stops Northwest, 441 U.S. 211, 223, 99 S. Ct. 1667, 60 L. Ed. 2d 156 (1979)). "It has long been recognized that 'the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.'" United States v. McDougal, 559 F.3d 837, 840 (8th Cir. 2009)(citing Douglas Oil Co., 441 U.S. at 218.  Indeed, Federal Rule of Criminal Procedure 6(e)(6) provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."  Generally, a private party seeking to obtain grand jury transcripts must make a showing of need with particularity so that "the secrecy of the proceedings (may be) lifted discretely and limitedly." Douglas Oil Co., 441 U.S. at 222.

Although, here, Plaintiff already has the grand jury testimony in his possession, the interests in the secrecy of the proceedings must be carefully considered.  See also In re Disclosure of Testimony before Grand Jury, 580 F.2d 281, 286 (8th Cir. 1978)("Even when the literal requirements of Rule 6(e) are met, a court must carefully balance the interest of grand jury secrecy against the goal of a just result in a judicial proceeding.").  Plaintiff claims that he wants to unseal ECF No. 108 and ECF No. 140 and disclose the grand jury testimony so that he can discuss what happened to him in the Washington County Jail.  The Court, however, finds that Plaintiff's Motion lacks merit because Plaintiff does not need the grand jury testimony to discuss his assault.  Plaintiff remains free to discuss his assault, without unsealing the grand jury testimony.  Conversely, the Court finds that merit in retaining the secrecy of grand jury proceedings.  See, e.g., Douglas Oil Co., 441 U.S. at 222 ("For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries."). To help preserve the secrecy of the grand jury proceedings and in the interests of justice, the Court denies Plaintiff's Motion to unseal the memoranda and exhibits of the grand jury proceedings.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Lift Seal on ECF No. 108 and ECF No. 140 (ECF No. 170) is **DENIED**.

Dated this 28th day of February, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE